LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, Eighth Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs,*
*FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DANIEL NAJERA, SWATI LAPERRE, and VICTOR TRINIDAD *on behalf of themselves, FLSA Collective Plaintiffs and the Class,* | Case No.: |
| Plaintiffs, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| TS2 HOSPITALITY LLC. d/b/a THE SMITH, | |
| TS3 HOSPITALITY LLC. d/b/a THE SMITH, | |
| TS4 HOSPITALITY LLC. d/b/a THE SMITH, | |
| 3RD AVENUE HOSPITALITY LLC. d/b/a THE SMITH, | |
| TS5 HOSPITALITY LLC. d/b/a THE SMITH, | |
| TS6 HOSPITALITY LLC. d/b/a THE SMITH | |
| TS7 HOSPITALITY LLC. d/b/a THE SMITH, | |
| and JEFFREY LEFCOURT, | |
| Defendants. | |

---

Plaintiffs, DANIEL NAJERA, SWATI LAPERRE and VICTOR TRINIDAD (herein,

"Plaintiffs"), on behalf of themselves, FLSA Collective Plaintiffs and Class members, by and

through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, TS2 HOSPITALITY LLC. d/b/a THE SMITH, TS3 HOSPITALITY LLC. d/b/a THE SMITH, TS4 HOSPITALITY LLC. d/b/a THE SMITH, 3RD AVENUE HOSPITALITY LLC. d/b/a THE SMITH, TS5 HOSPITALITY LLC. d/b/a THE SMITH, TS6 HOSPITALITY LLC. d/b/a THE SMITH and TS7 HOSPITALITY LLC. d/b/a THE SMITH (together the "Corporate Defendants"), and JEFFREY LEFCOURT ("Individual Defendant," and together with Corporate Defendants, "Defendants"), and state as follows:

## INTRODUCTION

1.      Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that Plaintiffs, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants: (1) unpaid wages for off-the-clock work, (2) unpaid overtime, (3) liquidated damages, and (4) attorneys' fees and costs.

2.      Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), the District of Columbia Minimum Wage Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.,* and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, that Plaintiffs, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants: (1) unpaid wages for off-the-clock work, (2) unpaid overtime, (3) minimum wages due to invalid tip credit, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff DANIEL NAJERA, for all relevant time periods, was a resident of Bronx County, New York.

6.      Plaintiff SWATI LAPERRE, for all relevant time periods, was a resident of Kings County, New York.

7.      Plaintiff VICTOR TRINIDAD, for all relevant time periods, was a resident of Bronx County, New York and Washington D.C.

8.      Defendants operate a restaurant enterprise throughout New York State, Washington, D.C., and State of Illinois under the trade name "The Smith." The restaurants located at the following addresses:

New York State locations:

a.  956 2nd Avenue, New York, NY 10022("Midtown");

b.  1900 Broadway, New York, NY 10023("Lincoln Square");

c.  1150 Broadway, New York, NY 10010("Nomad");

d.  55 3rd Avenue, New York, NY 10003 ("East Village");

Washington, D.C. locations:

e.  901 F Street NW, Washington, DC 20004 ("Penn Quarter");

f.  1314 U St NW, Washington, DC 20009 ("U Street"); and

Illinois state location:

g.  400 N. Clark Street, Chicago, IL 60654 ("River North," collectively, the "The Smith Restaurants").

9.      Corporate Defendants:

a. TS2 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the State of New York with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS2 HOSPITALITY LLC owns and operates The Smith restaurant located at 956 2nd Avenue, New York, NY 10022.

b. TS3 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the State of New York with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS3 HOSPITALITY LLC owns and operates The Smith restaurant located at 1900 Broadway, New York, NY 10023.

c. TS4 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the State of New York with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS4 HOSPITALITY LLC owns and operates The Smith restaurant located at 1150 Broadway, New York, NY 10010.

d. 3RD AVENUE HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the State of New York with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant 3RD AVENUE HOSPITALITY LLC owns and operates The Smith restaurant located at 55 3rd Avenue, New York, NY 10003.

e. TS5 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the District of Columbia with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS5

HOSPITALITY LLC. owns and operates The Smith restaurant located at 901 F Street NW, Washington, DC 20004.

   f.   TS6 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the District of Columbia with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS6 HOSPITALITY LLC owns and operates The Smith restaurant located at 1314 U St NW, Washington, DC 20009.

   g.   TS7 HOSPITALITY LLC. d/b/a THE SMITH is a foreign business corporation organized under the laws of the State of Illinois with an address for service of process at 270 Lafayette Street, Suite 1500, New York, NY 10012. Defendant TS7 HOSPITALITY LLC owns and operates The Smith restaurant located at 400 N. Clark Street, Chicago, IL 60654.

   10.   Individual Defendant, JEFFREY LEFCOURT, is an owner and principal of each of the Corporate Defendants. Defendant JEFFREY LEFCOURT exercises operational control as it relates to all employees including Plaintiffs, FLSA Collective Plaintiffs and the Class. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, Defendant JEFFREY LEFCOURT would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant JEFFREY LEFCOURT ensured that employees worked effectively and that the business was operating efficiently and profitably. Defendant JEFFREY LEFCOURT exercised functional control over the

business and financial operations of Corporate Defendants. Defendant JEFFREY LEFCOURT had the power and authority to supervise and control supervisors of Plaintiffs, FLSA Collective Plaintiffs and Class members and could reprimand employees.

11. Individual Defendant operates the Corporate Defendants as a single integrated enterprise. They are engaged in related activities, share common ownership and have a common business purpose. Specific facts supporting the assertion that Corporate Defendants operate as a single integrated enterprise include:

    a. Individual Defendant JEFFREY LEFCOURT is the owner and executive officer of the Corporate Defendants.

    b. Employees are interchangeable amongst the Corporate Defendants.

    c. Corporate Defendants use the same layout and website to jointly advertise all of Defendants' restaurants: https://thesmithrestaurant.com/. See "**Exhibit A.**"

    d. All restaurants are marketed jointly on the following social media accounts:

- Instagram: https://www.instagram.com/thesmithathome/;

- Twitter: https://twitter.com/thesmith07;

- Linkedin: https://www.linkedin.com/company/corner-table-restaurants?trk=public_profile_topcard-current-company; and

- Facebook :
  - https://www.facebook.com/TheSmithRestaurant/.
  - https://www.facebook.com/Tsev01/.
  - https://www.facebook.com/pages/category/American-Restaurant/The-Smith-Lincoln-Square-628717087145505/.
  - https://www.facebook.com/The-Smith-Midtown-131853240277534/.
  - https://www.facebook.com/pages/category/American-Restaurant/The-Smith-Nomad-928498290580363/.
  - https://www.facebook.com/The-Smith-Penn-Quarter-465596727163095/.
  - https://www.facebook.com/The-Smith-U-Street-1991599267836408/
  - https://www.facebook.com/The-Smith-Chicago-1201746236651813/.
  - See "**Exhibit B.**"

e. All restaurants jointly sell one (1) common gift card that is available for use at any of the Restaurants. See "**Exhibit C**."

f. All restaurants share a common logo and share a similar menu. See "**Exhibit D**."

g. Prospective employees can also use the Website to apply for a job at any The Smith location. See "**Exhibit E**."

12. At all relevant times, each of the Corporate Defendants was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, DCMWA and IMWL and the Regulations thereunder.

13. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members were directly essential to the businesses operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including delivery persons, servers, bussers, food runners, baristas, food preparers, line cooks, dishwashers, bartenders, hostesses and barbacks, among others) employed by Defendants at each of The Smith Restaurants in New York, Washington, D.C., and Illinois on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (herein, "FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay Plaintiffs and FLSA Collective Plaintiffs proper (i) wages for off-the-clock work, and (ii) overtime premium. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective

Plaintiffs.

16.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## <u>RULE 23 CLASS ALLEGATIONS – NEW YORK, WASHINGTON D.C., and ILLINOIS</u>

17.     Plaintiffs bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including delivery persons, servers, bussers, food runners, baristas, food preparers, line cooks, dishwashers, bartenders, hostesses and barbacks, among others) employed by Defendants in New York, Washington, D.C. and Illinois at the Restaurants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18.     All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19.     The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently

within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20.    The Class further includes a subclass of tipped employees comprised of servers, bussers, runners, bartenders, barbacks and delivery person ("Tipped Subclass") who also number more than forty (40). Plaintiffs DANIEL NAJERA and SWATI LAPERRE are members of both the Class and the Tipped Subclass.

21.    Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) mandating unpaid off-the-clock work, (ii) failing to pay overtime premium for all hours worked, (iii) failing to pay minimum wages due to invalid tip credit,  (iv) failing to pay spread of hours premium (v) failing to provide proper notice and failing to obtain proper consent from employees to the meal credit charges, (vi) failing to provide Class members with proper wage statements with every payment of wages, and (vii) failing to properly provide wage notices to Class members, at date of hiring and annually, per requirements of the NYLL, DCMWA and IWML.

22.    With regard to Plaintiffs DANIEL NAJERA and SWATI LAPERRE, and the Tipped Subclass, Defendants failed to pay them the proper minimum wage and overtime because Defendants were not entitled to claim any tip credit, due to their failure to meet statutory requirements under the NYLL, DCMWA and IWML. Plaintiffs DANIEL NAJERA and SWATI LAPERRE and the Tipped Subclass suffered from Defendants' failure to pay minimum wage and their proper overtime due to Defendants' invalid tip credit allowance because Defendants (i) failed to properly provide tip credit notices at hiring and annually thereafter, (ii) claimed a tip credit for

all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to provide proper wage statements clearly indicating tip credit allowances for each payment period, and (iv) failed to accurately keep track of daily tips earned and maintain records thereof.

23.     Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

24.     Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiffs in wage and hour cases.

25.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result

in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

26.     Defendants and other employers violate the NYLL, DCWMA and IWML. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

27.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a.     Whether Defendants employed Plaintiffs and the Class within the meaning of the NYLL, DCMWA and IMWL;

b.     What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not properly pay Plaintiffs and the Class members;

c.     At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiffs and the Class members for their work;

11

d.   Whether Defendants properly notified Plaintiffs and the Class members of their hourly rates and overtime rates;

e.   Whether Defendants paid Plaintiffs and Class members the proper wages under the NYLL, DCMWA and IMWL;

f.   Whether Defendants required Plaintiffs and the Class members to perform unpaid off-the-clock work;

g.   Whether Defendants paid Plaintiffs and Class members the proper minimum wage under the  NYLL, DCMWA and IMWL due to invalid tip credit;

h.   Whether Defendants paid Plaintiffs and the Class members the overtime premium at one-and-one-half times their straight time base hourly rates for all hours worked in excess of forty (40) each workweek;

i.   Whether Defendants properly provided notice to Plaintiffs and the Tipped Subclass that Defendants were taking a tip credit;

j.   Whether Defendants accurately tracked the amount of tips earned each day and maintained records thereof;

k.   Whether Defendants caused the Plaintiffs and the Tipped Subclass to engage in non-tipped duties exceeding 20% of each workweek;

l.   Whether Defendants took the proper amount of tip credit allowance for each payment period;

m.   Whether Defendants provided proper notice and obtain proper consent from employees to the meal credit charges;

n.     Whether Defendants provided proper wage statements informing (i) Plaintiffs and the

Tipped Subclass of the amount of tip credit taken for each payment period, and (ii)

all non-exempt employees of information required to be provided on wage statements;

o.     Whether Defendants provided proper wage notices, at date of hiring and annually

thereafter, to all non-exempt employees;

p.     Whether Defendants paid Plaintiffs and Class members the proper wages for all hours

worked; and

q.     Whether Defendants paid Plaintiffs and Class members the "spread of hours"

premium when their workdays exceeded ten hours.

### STATEMENT OF FACTS

PLAINTIFF DANIEL NAJERA:

28.    From on or about September 28, 2015 until in or about May 2020, Plaintiff DANIEL

NAJERA was hired by Defendants to work as a delivery person. Plaintiff DANIEL NAJERA

worked at Defendants' Midtown restaurant location and being transferred according to

Defendants' necessities to the Lincoln Square, Nomad or East Village locations.

29.    From the start of Plaintiff DANIEL NAJERA's employment with Defendants, he was

regularly scheduled to work six (6) days per week for seven (7) hours per day on a single shift

basis for a total of forty-two (42) hours each week. Plaintiff DANIEL NAJERA was required in

addition to work double shifts two times a month from 8:00am to 9:00pm without any breaks that

day. Whenever Plaintiff DANIEL NAJERA worked double shifts, Defendants would

automatically deduct one (1) hour pay for a lunch break, although he would not take lunch.

Similarly, FLSA Collective Plaintiffs and Class members were required to work through lunch and were not compensated for this work time.

30.    Throughout his employment, Plaintiff DANIEL NAJERA was required by Defendants to clock out prior to transfer to another Defendants' restaurant location on an as needed basis. Plaintiff DANIEL NAJERA would typically spend thirty (30) to forty-five (45) minutes traveling between locations and then re-clock in at the new restaurant location. He was never compensated for such off-the-clock hours. Similarly, FLSA Collective Plaintiffs and Class members were also required by Defendants to clock out prior to transfer to another restaurant location during working hours and were not paid for such hours.

31.    Throughout Plaintiff DANIEL NAJERA's employment, Defendant paid him below the New York State minimum wage due to invalid tip credit. Specifically, from on or around September 28, 2015 to December 31, 2015, Plaintiff DANIEL NAJERA was paid an hourly rate of eight dollars ($8.00) per hour. From on or around January 1, 2016 to December 31, 2016, Plaintiff DANIEL NAJERA was paid an hourly rate of dollars and seventy-five cents ($8.75) per hour. From on or around January 1, 2017 to December 31, 2017, Plaintiff DANIEL NAJERA was paid hourly rate of nine dollars and fifteen cents ($9.15) per hour. From on or around January 1, 2018 to December 31, 2018, Plaintiff DANIEL NAJERA was paid an hourly rate of ten dollars and eighty-five cents ($10.85) per hour. From on or around January 1, 2019 to March 2020, Plaintiff DANIEL NAJERA was paid an hourly rate of twelve dollars and fifty cents ($12.50) per hour. From in or around March 2020 to May 2020, Plaintiff DANIEL NAJERA was paid an hourly rate of fifteen dollars ($15) per hour. At all times, Plaintiff DANIEL NAJERA was a tipped employee.

32.    Throughout Plaintiff DANIEL NAJERA's employment with Defendants, he was not paid for all hours worked, including for all hours worked over forty (40). Plaintiff DANIEL NAJERA worked approximately forty-four and one-half (44.5) hours each week. However, Defendants avoid to pay him the proper overtime premium by check splitting whenever Plaintiff DANIEL NAJERA worked at two restaurant locations in that workweek. For example, if he worked a total of forty-three (43) hours that week, he would receive a check representing thirty-six (36) hours at his regular rate for work at the first restaurant location and the remaining seven (7) hours in a separate check for work at the second restaurant location also at his regular rate without any overtime premium. FLSA Collective Plaintiffs and Class members were subject to the same policy and were not paid proper overtime for all hours worked.

PLAINTIFF SWATI LAPERRE:

33.    From in or about June 2016 until in or about April 2018, Plaintiff SWATI LAPERRE was hired by Defendants to work as a server. From in or about July 2018 Plaintiff SWATI LAPERRE was hired by Defendants to work as a hostess until her employment terminated in or about September 2018. Plaintiff SWATI LAPERRE worked at Defendants' Nomad location and was also transferred to the Lincoln Square on an as needed basis.

34.    During Plaintiff SWATI LAPERRE's employment with Defendants as a server, her work schedule was typically eight and one-half (8.5) hours per day for five (5) days per week.

35.    During Plaintiff SWATI LAPERRE's employment with Defendants as a hostess, she was regularly scheduled to work four (4) days per week for five and one-half (5.5) hours per day for a total of twenty-two (22) hours each week.

36.    Throughout Plaintiff SWATI LAPERRE's employment with Defendants as a server, Defendants paid Plaintiff SWATI LAPERRE below the New York State minimum wage due to

invalid tip credit. Specifically, from in or around June 2016 to December 31, 2016, she was paid at an hourly rate of approximately five dollars ($5) per hour.  From on or around January 1, 2017 to December 31, 2017, Plaintiff SWATI LAPERRE was paid an hourly rate of approximately seven dollars and fifty cents ($7.50) per hour. From on or around January 1, 2018 to in or around April 2018, Plaintiff SWATI LAPERRE was paid an hourly rate of approximately eight dollars and sixty-five cents ($8.65) per hour. During these periods, she was a tipped employee.

37.   During Plaintiff SWATI LAPERRE's employment with Defendants as a hostess, she was paid at the prevailing hourly minimum wage pursuant to the NYLL.

38.   Throughout Plaintiff SWATI LAPERRE's employment with Defendants, Defendants would deduct one (1) hour pay for a meal break, although she did not have enough time to eat meal and had to work through meal break. Similarly, FLSA Collective Plaintiffs and Class members were required to work through meal break and were not compensated for this work time.

39.   Plaintiffs DANIEL NAJERA, SWATI LAPERRE and the Tipped Subclass were paid below the minimum wage, at the invalid "tip credit" minimum wage. With respect to Plaintiffs DANIEL NAJERA, SWATI LAPERRE and the Tipped Subclass, Defendants were not entitled to claim any tip credit allowance under the federal and state laws because Defendants (i) failed to properly provide tip credit notice, (ii) claimed tip credit for all hours worked despite having caused tipped employees to engage in non-tipped duties for hours exceeding 20% of the total hours worked each workweek, (iii) failed to accurately track daily tips earned or maintain records thereof, (iv) failed to properly provide tip credit notice at hiring and annually thereafter, and (v) failed to provide a proper wage statement with every payment of wages informing Plaintiffs DANIEL NAJERA, SWATI LAPERRE and the Tipped Subclass of the amount of tip credit deducted for each payment period.

40.     Plaintiffs DANIEL NAJERA, SWATI LAPERRE and the Tipped Subclass were required to engage more than 20% of their working time in non-tipped related activities. Non-tipped employees in New York, Washington, D.C. and Illinois are all required to engage in the following tasks: transferring supplies between Defendants' restaurants, carrying and organizing beer barrels and wine cases, unloading vendor deliveries to the restaurant basement, helping in the kitchen, cleaning ketchup bottles and filling them up, filling up the ice station, bringing ice from the basement, folding napkins, racking up all wine glasses and beer glasses, preparing and refilling maple syrup in jugs, polishing glassware and silverware, and restocking and cleaning coffee station. Even though Defendants required tipped employees to engage in non-tipped activities for more than 20% hours worked each week, Defendants improperly claimed a tip credit for all hours worked by tipped employees.

PLAINTIFF VICTOR TRINIDAD:

41.     Plaintiff VICTOR TRINIDAD was employed by Defendants starting in 2008. Starting in January 2013, Plaintiff VICTOR TRINIDAD was promoted by Defendants to work as a line cook. Plaintiff VICTOR TRINIDAD worked at each of the four New York City locations during his employment. In or around 2017, he was transferred to Defendants' Penn Quarter restaurant in Washington, D.C. for a month during its opening.

42.     During Plaintiff VICTOR TRINIDAD's employment with Defendants, Plaintiff VICTOR TRINIDAD was regularly scheduled to work five (5) days per week for nine (9) hours per day for a total of forty-five (45) hours each week. Although Plaintiff VICTOR TRINIDAD was required to work through lunch without a clear and free break, Defendants would deduct one (1) hour pay for a lunch break. Similarly, FLSA Collective Plaintiffs and Class members were required to work through lunch and were not compensated for this work time.

43.    From in or around June 2008 to in or around May 2018, Defendants paid Plaintiff VICTOR TRINIDAD an hourly rate of seventeen dollars and fifty cents ($17.50) per hour. From in or around June 2018 to in or around December 2018, Defendants paid Plaintiff VICTOR TRINIDAD an hourly rate of eighteen dollars and fifty cents ($18.50) per hour. From in or around January 2019 to in or around June 2019, Defendants paid Plaintiff VICTOR TRINIDAD an hourly rate of nineteen dollars and fifty cents ($19.50) per hour.

44.    Throughout Plaintiff VICTOR TRINIDAD's employment with Defendants, he was not paid for all hours worked, including for all hours worked over 40. Plaintiff VICTOR TRINIDAD worked approximately forty-five (45) hours each week. However, Defendants avoid to pay him the proper overtime premium by check splitting whenever Plaintiff VICTOR TRINIDAD worked at two restaurant locations in that workweek. F For example, if he worked a total of forty-five (45) hours that week, he would receive a check representing forty (40) hours at his regular rate for work at the first restaurant location and the remaining five (5) hours in a separate check for work at the second restaurant location also at his regular rate without any overtime premium. FLSA Collective Plaintiffs and Class members were subject to the same policy and were not paid proper overtime for all hours worked.

45.    Throughout Plaintiff VICTOR TRINIDAD's employment with Defendants, he was required by Defendants to clock out prior to transfer to another Defendants' restaurant location on an as needed basis. Plaintiff VICTOR TRINIDAD would typically spend thirty (30) to forty-five (45) minutes traveling between locations and then re-clock in at the new restaurant location. He was never compensated for such off-the-clock hours. Similarly, FLSA Collective Plaintiffs and Class members were also required by Defendants to clock out prior to transfer to another restaurant location during working hours and were not paid for such hours.

46.     Throughout Plaintiff VICTOR TRINIDAD's employment with Defendants, Defendants would automatically deduct one (1) hour pay for a lunch break, although he did not have time to eat lunch because he was too busy at work. Similarly, FLSA Collective Plaintiffs and Class members were required to work through lunch and were not compensated for this work time.

47.     Defendants also claimed a weekly $16.60 meal credit from Plaintiffs in accordance with 29 C.F.R. §531.30 and 12 NYCRR §146-1.9, but Plaintiffs were enrolled in Defendants' meal credits without their consent nor without any notice. Moreover, the meals did not satisfy the notation requirements, did not provide for a proper beverage, and were leftovers that were inedible.

48.     Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked days that exceed ten hours in length, but Defendants unlawfully failed to pay Plaintiffs, FLSA Collective Plaintiffs and Class members the spread of hours premium for workdays that exceeded ten hours in length.

49.     Defendants failed to provide Plaintiffs and Class members with proper wage notices at hiring and annually thereafter. Plaintiffs and Class members did not receive proper wage notices either upon being hired or annually since the date of hiring, in violation of New York Labor Law.

50.     Plaintiffs and Class members received wage statements that were not in compliance with the NYLL, DCMWA and IMWL. Defendants were required to provide itemized listings of deductions taken with every payment of wages. Defendants failed to satisfy the requirements under the NYLL, DCMWA and IMWL because the wage statements did not clearly include the tip credit allowance and required tip-credit language for each payment period.

51.     Defendants knowingly and willfully operated their business with a policy of claiming an invalid tip credit allowance. Defendants were not entitled to claim any tip credits because they did not satisfy the statutory prerequisites under the NYLL, DCMWA and IMWL.

52.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiffs and Class members, in violation of the NYLL.

53.    Defendants knowingly and willfully operated their business with a policy of failing to pay Plaintiffs, FLSA Collective Plaintiffs and Class members for all hours worked.

54.    At no point during the relevant time periods did Defendants obtain Plaintiffs' consent to claim a meal credit, as required by NYLL and FLSA.

55.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law.

56.    Defendants failed to provide proper wage notices to employees, at the beginning of employment and annually thereafter, pursuant to the requirements of the New York Labor Law.

57.    Plaintiffs worked at multiple The Smith restaurant locations, and personally observed that Defendants' policies were consistent among The Smith restaurant locations.

58.    Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiffs, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

59.    Plaintiffs reallege and reaver Paragraphs 1 through 58 of this Class and Collective Action Complaint as fully set forth herein.

60.    At all relevant times, Defendants were and continue to be employers engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

61.    At all relevant times, Defendants employed Plaintiffs and FLSA Collective Plaintiffs within the meaning of the FLSA.

62.    At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.

63.    At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiffs and FLSA Collective Plaintiffs for all hours worked due to Defendants' policy of mandating off-the-clock work.

64.    At all relevant times, Defendants had a policy and practice of failing to pay proper overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for all hours worked in excess of forty (40) hours per workweek.

65.    Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

66.    Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs wages for all hours worked.

67.    Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

68.    As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

69.    Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages for off-the-clock work, and unpaid overtime, plus an equal amount as liquidated damages.

70.    Plaintiffs and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).


## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

71.    Plaintiffs reallege and reaver Paragraphs 1 through 70 of this Class and Collective Action Complaint as fully set forth herein.

72.    At all relevant times, Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

73.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiffs and Class members proper wages for all of their hours worked due to Defendants' policy of mandating off-the-clock work.

74.    At all relevant times, Defendants had a policy and practice of failing to pay proper overtime compensation at the statutory rate of time and one-half to Plaintiffs and Class members for all hours worked in excess of forty (40) hours per workweek.

75.    Defendants willfully violated Plaintiffs DANIEL NAJERA's, SWATI LAPERRE's and Tipped Sub-Class members' rights by failing to pay them proper minimum wage and overtime

premium in the lawful amount for hours worked because Defendants were not entitled to claim any tip credits.

76.    Defendants willfully violated Plaintiffs and Class members' rights by failing to pay "spread of hours" premium to them for each workday that exceeded ten (10) or more hours.

77.    Defendants willfully violated Plaintiffs and Class members' rights by enrolling them in a meal credit program without consent.

78.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the New York Labor Law. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the NYLL because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also failed to provide wage statements that accurately reflect the number of hours worked and their proper compensation.

79.    Defendants knowingly and willfully operated their business with a policy of not providing all non-exempt employees proper wage notice, at date of hiring and annually thereafter, as required under the New York Labor Law.

80.    Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants unpaid wages for off-the-clock work, unpaid overtime, unpaid minimum wages due to invalid tip credit, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

**COUNT III**

**VIOLATION OF THE DISTRICT OF COLUMBIA MINIMUM WAGE ACT**

81.    Plaintiffs reallege and reaver Paragraphs 1 through 80 of this Class and Collective Action Complaint as fully set forth herein.

82.    At all relevant times, Plaintiff VICTOR TRINIDAD and Class members who worked at Defendants' D.C. restaurant locations were employed by the Defendants within the meaning of the DCMWA. D.C. Code § 32-1002(3).

83.    At all relevant times, the Defendants had a policy and practice of refusing to pay Plaintiff VICTOR TRINIDAD and Class members who worked at Defendants' D.C. restaurant locations proper wages for all of their hours worked due to Defendants' policy of mandating off-the-clock work in violation of the DCMWA.

84.    At all relevant times, Defendants had a policy and practice of failing to pay proper overtime compensation at the statutory rate of time and one-half to Plaintiff VICTOR TRINIDAD and Class members who worked at Defendants' D.C. restaurant locations for all hours worked in excess of forty (40) hours per workweek in violation of the DCMWA.

85.    At all relevant times, Defendants violated the DCMWA by knowingly failing to pay the required minimum wage to Plaintiff VICTOR TRINIDAD and Tipped Sub-Class members who worked at Defendants' D.C. restaurant locations due to invalid tip credit. Defendants improperly applied the tip credit to hours of work in which they cannot earn tips. Such hours include, but are not limited to the non-tipped activities described in paragraph 38.

86.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the DCMWA. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy

the requirements under the DCMWA because such tip credit allowance was never clearly included in wage statements to tipped employees for each payment period. Defendants also failed to provide wage statements that accurately reflect the number of hours worked and their proper compensation.

87.    Due to Defendants' violations of the DCMWA, Defendants are liable to Plaintiff VICTOR TRINIDAD and Class members who worked at Defendants' D.C. restaurant locations for unpaid wages for off-the-clock work, unpaid overtime, unpaid minimum wages due to invalid tip credit, together with an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, and the costs of this action.

88.    The employment and work records for Plaintiff VICTOR TRINIDAD and Class members who worked at Defendants' D.C. restaurant locations are in the exclusive possession, custody, and control of Defendants, and they are unable to state at this time the exact amount owing to each of them. Defendants are under a duty imposed by D.C Code § 32-1008 to maintain and preserve their payroll and other employment records from which the amounts of the Defendant's liability can be ascertained.

**COUNT IV**

**<u>VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW</u>**

89.    Plaintiffs reallege and reaver Paragraphs 1 through 88 of this Class and Collective Action Complaint as fully set forth herein.

90.    At all relevant times, Class members who worked at Defendants' Illinois restaurant location were employed by the Defendants within the meaning of the IMWL, 820 ILCS 105/3(d).

91.    At all times relevant hereto, Defendants, individually and collectively, were the "employer" of Class members who worked at Defendants' Illinois restaurant location as defined in the IMWL, 820 ILCS 105/3(c).

25

92.    At all relevant times, Class members who worked at Defendants' Illinois restaurant location were not exempt from the minimum wage provisions of the IMWL.

93.    At all relevant times, the Defendants had a policy and practice of refusing to pay Class members who worked at Defendants' Illinois restaurant location proper wages for all of their hours worked due to Defendants' policy of mandating off-the-clock work in violation of the IMWL.

94.    At all relevant times, Defendants had a policy and practice of failing to pay proper overtime compensation at the statutory rate of time and one-half to Class members who worked at Defendants' Illinois restaurant location for all hours worked in excess of forty (40) hours per workweek in violation of the IMWL.

95.    At all relevant times, Defendants violated the Illinois Minimum Wage Law by knowingly failing to pay the required minimum wage to Tipped Sub-Class members who worked at Defendants' Illinois restaurant location due to invalid tip credit. Defendants improperly applied the tip credit to hours of work in which they cannot earn tips. Such hours include, but are not limited to the non-tipped activities described in paragraph 38.

96.    At all relevant times, although Defendants took the tip credit by paying Tipped Sub-Class members who worked at Defendants' Illinois restaurant location less than the minimum hourly wage, Defendants did not inform the employees of the provisions of the tip credit subsection required by the IWML.

97.    Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements as required under the IMWL. Defendants are required to provide itemized listings of deductions taken on each wage statement. Defendants failed to satisfy the requirements under the IMWL because such tip credit allowance was never clearly included in

wage statements to tipped employees for each payment period. Defendants also failed to provide wage statements that accurately reflect the number of hours worked and their proper compensation.

98.     Due to the Defendants' Illinois Minimum Wage Law violations, Class members who worked at Defendants' Chicago restaurant location are entitled to recover from Defendants unpaid wages for off-the-clock work, unpaid overtime, unpaid minimum wages due to invalid tip credit, plus equitable relief, recovery of attorneys' fees and costs, and prejudgment interest as provided by law, pursuant to the Illinois Minimum Wage Law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA, NYLL, DCMWA and IMWL;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid minimum wages and overtime premium due under the NYLL, DCMWA and IMWL due to an invalid tip credit;

d.     An award of unpaid wages, including overtime compensation due under the FLSA, NYLL, DCMWA and IMWL due to off-the-clock work;

e.     An award of unpaid overtime for hours worked in excess of forty (40) hours per workweek under the FLSA, NYLL, DCMWA and IMWL;

f.   An award of unpaid "spread of hours" premium due under the New York Labor Law;

g.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements under the NYLL, DCMWA and IMWL;

h.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, including overtime compensation pursuant to 29 U.S.C. § 216;

i.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay minimum wage and overtime premium pursuant to the NYLL, DCMWA and IMWL;

j.   An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k.   Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

l.   Designation of this action as a class action pursuant to F.R.C.P. 23;

m.   Designation of Plaintiffs as Representatives of the Class;

n.   Designation of Plaintiffs DANIEL NAJERA and SWATI LAPERRE as Representatives of the Tipped Subclass; and

o.   Such other and further relief as this Court deems just and proper.


## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury on all issues so triable as of right by jury.

Dated:  April 15, 2021

                              Respectfully submitted,

By:    */s/ C.K. Lee*
         C.K. Lee, Esq.

         LEE LITIGATION GROUP, PLLC
         C.K. Lee (CL 4086)
         Anne Seelig (AS 3976)
         148 West 24th Street, Eighth Floor
         New York, NY 10011
         Tel.: 212-465-1188
         Fax: 212-465-1181
         *Attorneys for Plaintiffs,*
         *FLSA Collective Plaintiffs and the Class*